IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| BEST VINYL, LLC, a Utah limited liability company, and VANGUARD VINYL, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>HOMELAND VINYL PRODUCTS, INC., an Alabama corporation,<br><br>Defendant. | ORDER TO SHOW CAUSE and MEMORANDUM DECISION<br><br><br><br>Case No. 2:10-CV-1158 CW |

"To ensure its Article III power is exercised properly, a federal court must, 'in every case and at every stage of the proceeding, satisfy itself as to its own jurisdiction.'" *Mires v. United States*, 466 F.3d 1208, 1211 (10th Cir. 2006) (citation omitted). In this case, Defendant Homeland Vinyl Products, Inc., an Alabama citizen, purports to remove this action pursuant to 28 U.S.C. § 1332, which requires that the parties be citizens of different states and that the amount in controversy exceed $75,000. Homeland Vinyl's notice of removal is, however, insufficient on its face to show that the requirements of § 1332 are met here. In its notice, Homeland Vinyl asserts that Best Vinyl, LLC is a Utah limited liability corporation with its principal place of business in Utah. Homeland Vinyl, however, does not allege the state citizenship of any member of Best Vinyl. But "for entities other than corporations," the court's

"diversity jurisdiction in a suit by or against [an] entity depends on the citizenship of. . . each of its members." *Penteco Corp. Ltd. Partnership-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1523 (10th Cir. 1991) (quoting *Carden v. Arkoma Assoc.*, 494 U.S. 185, 189 (1990), (internal quotations omitted). Until Homeland Vinyl establishes that none of the members Best Vinyl are Alabama citizens, the court cannot conclude that there is complete diversity here.

Accordingly, Homeland Vinyl is hereby ORDERED to show cause why this case should not be remanded to state court. Homeland Vinyl's response, including any motion to amend the notice of removal, is due by 20 days from the date of this Order. The court is aware that there is an outstanding motion to dismiss. Once the court determines that it has jurisdiction here, it will schedule a hearing on that motion.

SO ORDERED this 4th day of March, 2011.

BY THE COURT:

_____
Clark Waddoups
United States District Judge