HOLLAND & HART LLP
Eric G. Maxfield #8668
J. Andrew Sjoblom #10860
222 South Main Street, Suite 2200
Salt Lake City, UT 84101
Telephone:      801.799.5800
Facsimile:      801.799.5700

*Attorneys for Defendant,*
*Homeland Vinyl Products, Inc.*

IN THE UNITED STATES JUDICIAL DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BEST VINYL, LLC, a Utah limited liability company; and VANGUARD VINYL, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>HOMELAND VINYL PRODUCTS, INC., an Alabama corporation,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MELANIE BARRETT AND MARILYN PETERSEN'S MOTION FOR LEAVE TO AMEND THEIR ANSWER**<br><br>Consolidated Case No. 2:10-cv-01158<br><br>Judge David Nuffer |

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, Melanie Barrett and Marilyn Petersen have moved the Court for leave to amend their answer to include one additional affirmative defense based on the federal Equal Credit Opportunity Act, 15 U.S.C. § 1691, *et seq.* and Regulation B, 12 C.F.R. § 202.2.  The parties came before the Court on Ms. Barrett's and Ms. Petersen's Motion for Leave to Amend (Dkt. No. 104) at 8:30 a.m. on October 25, 2012, but this Court declined to hear oral argument.  Homeland appeared by and through its

counsel, Eric G. Maxfield and J. Andrew Sjoblom of Holland & Hart LLP. Ms. Barrett and Ms. Petersen appeared by and through their counsel, Evan S. Strassberg of Vantus Law Group, P.C. Having reviewed Melanie Barrett's and Marilyn Petersen's Motion and supporting memoranda and Homeland's opposition memorandum submitted in connection with the Motion, the Court rules as follows.

I.   **FUTILITY OF THE PROPOSED AMENDMENT**

"Although it is true that courts should freely give leave [to amend] when justice so requires, a court may deny leave to amend based on the futility of the amendment. A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Hodge v. Ocwen Loan Servicing*, 2012 U.S. Dist. LEXIS 58176, *5 (D. Utah Apr. 24, 2012) (citations omitted) (denying leave to amend). Under this standard, Ms. Barrett's and Ms. Petersen's proposed amendment would be futile.

The Equal Credit Opportunity Act ("ECOA") and its implementing regulation provide a cause of action for damages, but do not expressly provide for rescission and do not provide for an affirmative defense. *See Matsco v. Clermont Ctr. for Comprehensive Dentistry, P.A.*, 2010 U.S. Dist. LEXIS 18289 (M.D. Fla. March 2, 2010) (striking an affirmative defense to liability based on the ECOA and its implementing regulation); *F.D.I.C. v. 32 Edwardsville Inc.*, 873 F. Supp. 1474, 1480 (D. Kan. 1995) ( "ECOA does not provide for the invalidation of a guaranty as a remedy for an ECOA violation, and defensive use of the ECOA in this case is therefore impermissible."); *Resolution Trust Corp. v. Schonacher*, 844 F. Supp. 689, 696 (D. Kan. 1994) ("courts interpreting [the ECOA] have concluded that this language does not grant courts the power to invalidate underlying obligations."); *Riggs Nat'l Bank of Washington, D.C. v. Linch*,

829 F. Supp. 163, 169 (E.D. Va. 1993) (holding that ECOA violation cannot be asserted as affirmative defense); *CMF Virginia Land, L.P. v. Brinson*, 806 F. Supp. 90, 95 (E.D. Va. 1992) (The ECOA does not "afford relief by way of an affirmative defense. A counterclaim certainly can be premised upon a violation of the ECOA, but such a violation cannot be alleged to avoid basic liability on the underlying debt."); *Diamond v. Union Bank & Trust*, 776 F. Supp. 542, 544 (N.D. Okla. 1991) (holding that an ECOA violation does not render an instrument void).

The Court is unaware of any cases from the Tenth Circuit Court of Appeals that recognize the ECOA or its implementing regulation as an affirmative defense to liability, and this Court will not recognize it. Ms. Barrett's and Ms. Petersen's Motion for Leave to Amend is therefore denied on the basis that the proposed amendment is futile.

## II.  UNTIMELINESS OF THE PROPOSED AMENDMENT

Ms. Barrett's and Ms. Petersen's Motion for Leave to Amend is also denied on the ground that it is untimely. The last day to file a motion to amend pleadings was October 15, 2011. (August 9, 2011 Scheduling Order (Dkt. No. 30) at 2.) This deadline was not extended in the subsequent February 2, 2012 Order Granting Stipulated Motion to Amend Scheduling Order (Dkt. No. 68).

The Tenth Circuit Court of Appeals has stated that "the decision to grant leave to amend a complaint, after the permissive period, is within the trial court's discretion . . . and will not be disturbed absent an abuse of that discretion." *Pallotino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994) (citation omitted). The Tenth Circuit Court of Appeals has stated that it has "often found untimeliness alone sufficient reason to deny leave to amend, especially when

the party filing the motion has no adequate explanation for the delay." *Pallotino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994) (citation omitted). "Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." *Id.* (citation omitted); *see also Federal Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987) ("Courts have denied leave to amend in situations where the moving party cannot demonstrate excusable neglect. For example, courts have denied leave to amend where the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend.") (citations omitted).

Based upon these legal standards, and for the reasons set forth in Homeland's moving papers, the untimeliness of Ms. Barrett's and Ms. Petersen's motion to amend justifies its denial.

## III. CONCLUSION AND ORDER

IT IS THEREFORE ORDERED that Ms. Barrett's and Ms. Petersen's Motion for Leave to Amend Their Answer (docket no. 104) is DENIED on grounds of futility and untimeliness.

Dated November 2, 2012.

BY THE COURT:

_____
David Nuffer
United States District Judge