HOLLAND & HART LLP
Eric G. Maxfield #8668
J. Andrew Sjoblom #10860
222 South Main Street, Suite 2200
Salt Lake City, UT 84101
Telephone:    801.799.5800
Facsimile:     801.799.5700

*Attorneys for Homeland Vinyl Products, Inc.*

IN THE UNITED STATES JUDICIAL DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BEST VINYL, LLC, a Utah limited liability company; and VANGUARD VINYL, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>HOMELAND VINYL PRODUCTS, INC., an Alabama corporation,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING HOMELAND VINYL, INC.'S MOTION TO DISMISS MARWIT CAPITAL PARTNERS, L.P.'S TWELFTH AND THIRTEENTH CAUSES OF ACTION FOR INTENTIONAL AND NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS**<br><br>Consolidated Case No. 2:10-cv-01158<br><br>Judge David Nuffer |

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Homeland Vinyl, Inc. ("Homeland Vinyl") has moved the Court to dismiss Marwit Capital Partners II, L.P.'s ("Marwit") Twelfth Cause of Action for Intentional Interference with Prospective Economic Relations and Thirteenth Cause of Action for Negligent Interference with Prospective Economic Relations, contained in Marwit's First Amended Complaint. (Dkt. No. 45.)  The hearing on Homeland's Motion to Dismiss (Dkt. No. 56) was held at 8:30 a.m. on October 25, 2012, before this Court.  Homeland appeared by and through its counsel, Eric G. Maxfield and J. Andrew

Sjoblom of Holland & Hart LLP.  Marwit appeared by and through its counsel, Eric P. Francisconi of Barnes Fitzgerald Francisconi & Zeman LLP.  Having reviewed Homeland's Motion and supporting Memorandum, to which no opposition was filed, the Court rules as follows.

I.   **MARWIT'S ALLEGATIONS**

Marwit has alleged that Homeland is a supplier of vinyl fencing products that sold such products to Best Vinyl, LLC ("Best").  (Dkt. No. 45, ¶¶ 55-57.)  Marwit indirectly owns a majority of the outstanding stock of Best.  (FAC, ¶ 54.)

Marwit alleges that in August 2010, Homeland began requiring Best to pay in advance for its vinyl products.  (FAC, ¶ 55.)  Marwit alleges this caused it to seek a new supplier for Best, but that its efforts were frustrated by Homeland's alleged intentional and negligent interference.  (FAC, ¶¶ 55-57, 65-66.)

II.  **STANDARD ON MOTION TO DISMISS**

A party may move to dismiss a complaint under Rule 12(b)(6) where the Plaintiff has failed to state a claim upon which relief can be granted.  For the purposes of a 12(b)(6) motion, the allegations of fact in a complaint are accepted as true and construed in the light most favorable to the non-moving party.  *Sutton v. Utah State School for Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).  "[T]o withstand a motion to dismiss, a complaint must contain enough allegations of fact to state a claim for relief that is plausible on its face."  *Robbins v. State of Okl. ex rel. Dep't of Human Services*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citation omitted).

III. **TWEFLTH CAUSE OF ACTION FOR INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS**

Homeland's Motion to Dismiss Marwit's Twelfth Cause of Action for Intentional Interference with Prospective Economic Relations is GRANTED with prejudice for failure to

state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

In order to plead a claim for intentional interference with prospective economic advantage, a party must plead "(1) that the defendant intentionally interfered with the plaintiff's existing or potential economic relations, (2) for an improper purpose or improper means, (3) causing injury to the plaintiff." *Leigh Furniture & Carpet Co. v. Isom*, 657 P.2d 293, 304 (Utah 1982). Marwit has failed to plead the first element of this claim.

Marwit does not allege that it had ever, or would ever, purchase vinyl products from any supplier. Instead, it only alleges that it "indirectly owned a majority of the outstanding stock of Best," that it "undertook efforts to obtain suppliers to replace Homeland for the requirements of Best," and that Homeland convinced "other suppliers to refuse to do business with Best." (Dkt. No. 45, ¶¶ 54-56 (emphasis added).)

Marwit does not allege interference between vinyl suppliers and Marwit, or that Marwit had an existing or potential economic relationship with those suppliers. As a result, Marwit has failed to allege that Homeland interfered with Marwit's "existing or potential economic relations." *Leigh Furniture*, 657 P.2d at 304. Instead, Marwit clearly alleges that any prospective economic relations were between suppliers and Best, not suppliers and Marwit. Having failed to plead facts sufficient to state a claim for intentional interference with prospective economic relations, Marwit's claim is dismissed with prejudice.

**IV.   THIRTEENTH CAUSE OF ACTION FOR NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS**

Homeland's Motion to Dismiss Marwit's Thirteenth Cause of Action for Negligent Interference with Prospective Economic Relations is also GRANTED with prejudice for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules

of Civil Procedure.  The claim of negligent interference with prospective economic advantage is not recognized under Utah law.  *See Leigh Furniture*, 657 P.2d at 304; *Manassas Travel, Inc. v. Worldspan, L.P.*, 2008 U.S. Dist. LEXIS 35217, *5 (D. Utah April 30, 2008).  Therefore, Marwit's claim for negligent interference with prospective economic relations is hereby dismissed with prejudice.

## V.  CONCLUSION AND ORDER

IT IS THEREFORE ORDERED that Homeland Vinyl Products, Inc.'s Motion to Dismiss Marwit Capital Partners II, L.P.'s Twelfth and Thirteen Causes of Action for Intentional and Negligent Interference With Prospective Economic Relations (docket no. 56) is GRANTED.

IT IS FURTHER ORDERED that the claims for intentional interference with prospective economic relations (claim no. 12) and negligent interference with prospective economic relations (claim no. 13) in Marwit Capital Partners II, L.P.'s First Amended Complaint (docket no. 45) are DISMISSED WITH PREJUDICE.

Dated this 15th day of November, 2012.

BY THE COURT:

_____
David Nuffer
United States District Court Judge