IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BEST VINYL, LLC et al.,<br><br>                    Plaintiffs,<br>v.<br><br>HOMELAND VINYL PRODUCTS, INC. et al.,<br><br>                    Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR AWARD OF PREJUDGMENT INTEREST**<br><br>Consolidated Case No. 2:10-cv-1158<br><br>District Judge David Nuffer |

   The court has granted summary judgment in favor of Homeland Vinyl Products, Inc. on its claims for breach of guaranty against Marwit Capital Partners II, L.P. and the Individual Guarantors (Scott Peterson, Marilyn Peterson, Vance Barrett, and Melanie Barrett).[1]  Homeland now seeks an award of prejudgment interest on the amounts owing on the parties' guarantees.[2]  Having carefully considered the evidence and argument outlined in the parties' memoranda, the court will award prejudgment interest in favor of Homeland from September 1, 2010 to the date the final judgment is entered in favor of Homeland at the contract rate of 9% per annum.

   Prejudgment interest is awarded "on past due money when both the amount due and the due date may be ascertained."[3]  Homeland has established the amounts owed by Best Vinyl, LLC to Homeland, including amounts more than 60 days past due, on a daily basis dating back to

---

[1] Memorandum Decision and Order Regarding Motions for Summary Judgment at 8-9, 14, 18, docket no. 212, filed on Nov. 16, 2012.

[2] Motion for Award of Prejudgment Interest and Memorandum in Support, docket no. 228, filed on Dec. 4, 2012.

[3] *Crowley v. Black*, 167 P.3d 1087, 1089 (Utah Ct. App. 2007); Ala. Code 8-8-8.  State law applies to the issue of prejudgment interest.  *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1156 (10th Cir. 2000).

December 31, 2008.[4] Homeland has also established that in September 2010, Best Vinyl stopped paying interest on amounts more than 60 days past due, as required by the terms of the credit sales invoices. Accordingly, Homeland is entitled to prejudgment interest on amounts due and owing from September 1, 2010 to the date that final judgment is entered in favor of Homeland.

Marwit argues that it cannot be liable for prejudgment interest because it did not agree to pay prejudgment interest in the Marwit Guaranty. However, Marwit's liability for prejudgment interest arises because the debt that Marwit guaranteed was liquidated, and by its own terms bears interest. The amounts due and owing by Best Vinyl to Homeland were capable of mathematical calculation on any given date from at least December 2008 to the present. Marwit is therefore liable for prejudgment interest.

The parties disagree as to the applicable prejudgment interest rate. The invoices pursuant to which Homeland sold its vinyl products to Best Vinyl specify that amounts not paid within 60 days will bear interest at the rate of 18% per annum.[5] However, it is undisputed that Homeland and Best Vinyl agreed in late 2009 that Best Vinyl would pay 9% annual interest on all invoices aged over 60 days.[6] The 9% interest rate that governs the underlying obligations, which were unconditionally guaranteed by Marwit and by each of the Individual Guarantors, is the appropriate prejudgment interest rate.[7]

The Individual Guarantors ask for an interest rate of 6%, arguing that their prejudgment interest obligations are governed by Alabama Code § 8-1-1, which caps interest on oral contracts

---

[4] Declaration of Scott Smith in Support of Motion for Award of Prejudgment Interest at ¶ 7 and Ex. D, docket no. 229, filed on Dec. 4, 2012.

[5] *Id.* at ¶ 5 and Ex. B.

[6] *Id.* at ¶ 3.

[7] Utah Code Ann. § 15-1-1; Ala. Code § 8-8-5(a)-(b).

at 6% and written contracts at 8%. The guarantees of the Individual Guarantors are indeed governed by Alabama law. However, Section 8-1-1 applies only to contracts for less than $2,000.[8] The parties to a contract governed by Alabama law for credit sales of $2,000 or more may freely negotiate the applicable interest rate, which governs an award of prejudgment interest.[9] In this case, the contract rate is 9%.

IT IS THEREFORE ORDERED that the Motion for Award of Prejudgment Interest (docket no. 228) is GRANTED.

IT IS FURTHER ORDERED that prejudgment interest at the rate of 9% per annum will be awarded to Homeland from September 1, 2010 to the date that final judgment is entered in favor of Homeland.

Signed January 23, 2013.

BY THE COURT

_____
District Judge David Nuffer

---

[8] Ala. Code § 8-8-5(a)-(b).

[9] *Id.*; *Whitney Bank v. Point Clear Dev.*, Civil Action No. 11-0657, 2012 WL 2277597, at *6, 9 (S.D. Ala. Jun. 18, 2012).